B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> The Bank of Canton | **DEFENDANTS** <br> Robert R. McNamara |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Jack J. Mikels and Michael A. Wirtz <br> Jack Mikels & Associates, LLP, 1 Batterymarch Park, Suite 309 <br> Quincy, MA 02169  (617)472-5600 | **ATTORNEYS** (If Known) <br> Joseph G. Butler <br> Law Officer of Joseph G. Butler, 355 Providence Highway <br> Westwood, MA 02090  (781) 636-3638 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an action to deny the Defendant/Debtor discharge pursuant to 11 U.S.C. Sections 727 (a)(4), 727 (a)(5) and 727 (a)(2).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $156,732.44 + continuing interest and legal fees and expesnes |

Other Relief Sought
    Denial of discharge and authorization to pursue certain derivative claims for fraudulent transfers.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>Robert R. McNamara | BANKRUPTCY CASE NO.<br>17-11329 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Eastern - Boston | NAME OF JUDGE<br>Melvin S. Hoffman |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Michael A. Wirtz BBO#636587 |||
| DATE<br>02-14-2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael A. Wirtz ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Robert R. McNamara,<br>Debtor | Chapter 7<br>Case No. 17-11329 |
| THE BANK OF CANTON<br>Plaintiff,<br>v.<br><br>ROBERT R. MCNAMARA,<br>Defendant. | Adversary Proceeding No. |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This adversary proceeding arises under and is related to the captioned Chapter 7 case pending in this district.

2. This action is an adversary proceeding under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Fed.R.Bankr. P. 3007, 4004(a), 4007(b) and 7001(4) for determination and judgment to deny the issuance of a discharge to Robert R. McNamara (the "Debtor") pursuant to 11 U.S.C. §§ 727 (a)(4)[1], 727 (a)(5)[2] 727 (a)(2)[3].

---

[1] Debtor knowingly and fraudulently, in or in connection with his Chapter 7 bankruptcy case made a false oath or account.

[2] Debtor failed to satisfactorily explain the loss or deficiency in assets.

[3] Debtor with the intent to hinder, delay, or defraud the Bank and other creditors has transferred, removed, destroyed, mutilated or concealed property of the debtor within one year before the date of filing the petition.

3. This action is a core proceeding, as defined in 28 U.S.C. § 157, relating to the property and affairs of the Debtor and the administration of his estate as it seeks determination as to the objection to discharge. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

4. Pursuant to 28 U.S.C. § 1409, venue in this District is proper as this proceeding arises under Title 11 and arises in a bankruptcy case that is pending in the District of Massachusetts, Eastern Division.

## II.  CLAIM OF THE BANK OF CANTON

5. Plaintiff, The Bank of Canton (the "Bank" or "Plaintiff") is a corporation duly established under the laws of the Commonwealth of Massachusetts having its usual place of business at 490 Turnpike Street, Canton, Massachusetts.

6. Defendant, Debtor is an individual who, upon information and belief, currently resides at 273 Chief Justice Cushing Highway, Scituate, Massachusetts.

7. Plaintiff is the holder of a claim against the Debtor in the amount of One Hundred Fifty Six Thousand, Seven Hundred Thirty Two Dollars and Forty Four Cents ($156,732.44), resulting from a foreclosure deficiency of real estate at 31 Central Street, Norwell, MA, which secured an obligation of the Debtor and his wife for a Promissory Note dated November 9, 2007, in the original principal amount of $746,250 (the "Note"). A copy of said Note, the Mortgage and the Foreclosure Accounting are attached hereto as Exhibit A, Exhibit B, and Exhibit C, respectively.

8. The Bank's claim was the subject of a timely filed deficiency action in the Norfolk Superior Court (Civil Action No. 1682CV01049), which action was stayed by the

Debtor's petitioning this underlying Chapter 7 bankruptcy action (Docket No. 17-11329) (the "Ch-7 Action").

### III.  FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.  Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 8 above and incorporates them herein by reference.

10.  Defendant, Sparrell Funeral Services, Inc. ("Sparrell") is a Massachusetts corporation having a principal place of business at 30 Central Street, Norwell, Massachusetts.

11.  At all times relevant hereto, the Debtor has been President and a shareholder of Sparrell.

12.  Since on or about August 31, 2011, the Debtor has been sole stockholder and principal officer of Sparrell.

13.  Effective September 1, 2011, Sparrell was the tenant at two funeral home locations in Massachusetts at (i) 1 Summer Street, Cohasset (the "Cohasset Property") and (ii) 30 Central Street, Norwell (the "Norwell Property" together collectively, the "Properties"), pursuant to a Lease, a copy of which is attached hereto as Exhibit D.

14.  On or about September 27, 2016, Sparrell acquired title to the Properties under certain Quitclaim Deeds, recorded copies of which are attached hereto as Exhibit E (*as to the Cohasset Property*) and Exhibit F (*as to the Norwell Property*).

15.  Sparrell financed its purchase of Cohasset-Norwell Properties with one or more loans from Live Oak Banking Company ("LiveOak").

16.  On April 13, 2017, the Debtor filed the Ch. 7 Action by way of a Voluntary Petition for Bankruptcy claiming no assets.

3

17. In relevant part, the Debtor's Official Form 106, Schedule A/B: Property filed in the Ch. 7 Action on or about April 28, 2017 (the "Schedule A/B") represents that the Debtor's interest in Sparrell has current value of "$0.00" and that he had interests business-related property. A copy of Debtor's Schedules is attached hereto as Exhibit G (the "Schedules").

18. There has been no amendment or supplementation of the Debtor's Schedules.

19. On or about November 8, 2016, approximately five months before filing his Bankruptcy Petition, Sparrell transferred the Cohasset-Norwell Properties an entity owned by his son, Brendan McNamara ("Brendan") under certain Quitclaim Deeds, recorded copies of which are attached hereto as Exhibit H (*as to the Cohasset Property*) and Exhibit I (*as to the Norwell Property*).

20. On or about November 7, 2016, approximately five months before filing his the Ch. 7 Action, Sparrell transferred all of its personal property, including Sparrell's goodwill, trade name, domain name, telephone numbers, all equipment, fixtures, signage prepaid expenses, customer lists, customer accounts, advertising contracts, trade secrets, stationary and business forms, sales data and records, including accounting records, property records, production records, contract records and personnel records (collectively, the "Business Assets") to an entity owned by Brendan.

21. In consideration of the real estate transfers involving the Properties and the transfers of the Business Assets, Brendan's entities assumed Sparrell's obligations to LiveOak and executed a Promissory Note to Sparrell dated November 7, 2016 in the sum of $225,000 (the "Sparrell-Note"), a copy of which is attached hereto as Exhibit J.

22. Certain payments due under the Sparrell-Note were made directly to the Debtor.

4

23. At the time of the Bankruptcy petition, Sparrell was the holder of the Sparrell-Note, which was not disclosed in the Debtor's Schedules.

24. The consideration for the real estate transfers of the Properties and the transfer of the Business Assets was for less than fair market value.

25. As of the date that the Debtor's petitioned the Ch. 7 Action, the full amount of the Deficiency had and remains due and owing to the Bank, plus continuing interest costs of collection including legal fees and expenses pursuant to the Note.

## IV. COUNTS

### Count I – 11 U.S.C. §727 (a)(4)
*(False oaths or account and withholding information and/or records)*

26. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 25 above and incorporates them herein by reference.

27. The Schedules filed by the Debtor in the Ch.7 Action attempt to convey the impression that Sparrell has no assets and that Debtor's stock in Sparrell has no value.

28. The Debtor made a false oath or account in connection with the filing of the Ch. 7 Action by withholding information concerning the transactions involving the transfer of the Properties and the Business Assets in exchange for the Sparrell-Note and falsely claiming the value of the stock interests in Sparrell as "$0.00" in Schedule A/B.

29. To the extent that the Debtor intended to and/or did continue receiving payments due under on the Sparrell-Note directly, the Schedules filed by the Debtor in the Ch.7 Action attempt to convey the impression that Debtor's income was less than he represents in his filings, including Schedule I: Your Income ("Schedule I") as such the payments are not reported.

30. The information that the Debtor provided in Schedule A/B and/or Schedule I was knowingly false and fraudulent concerning a material fact of his financial affairs.

31. This Honorable Court should deny Debtors' discharge pursuant to 11 U.S.C. §727 (a)(4).

### Count II – 11 U.S.C. §727 (a)(5)
*(Failure to satisfactorily explain loss of assets)*

32. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 31 above and incorporates them herein by reference.

33. The Debtor has failed to explain satisfactorily his loss of assets and/or deficiency of assets to meet his liabilities, including without limitations the value of stock in Sparrell and the disposition of the Sparrell-Note.

34. This Honorable Court should deny Debtors' discharge pursuant to 11 U.S.C. §727 (a)(5).

### Count III – 11 U.S.C. §727 (a)(2)
*(Fraudulent transfer or concealment of property)*

35. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 34 above and incorporates them herein by reference.

36. As sole officer, director and shareholder of Sparrell, the Debtor had the unfettered discretion to conduct the business of Sparrell and exercised pervasive control over Sparrell and its assets.

37. Upon information and belief, the Debtor used Sparrell as his own personal bank in effort to shield his assets and income from his creditors including the Bank.

38. The Debtor and Sparrell shared the use of their various assets.

39. Upon information and belief, the Debtor used his authority to pay personal expenses for himself and family through Sparrell including without limitations, personal car payments, personal credit cards and expenses, taxes, student loans for Debtor's adult children and settlements on certain of Debtor's personal debts.

40. Within one year prior to the date of filing of the Petition in the Ch. 7 Action, the Debtor used his authority to drain and transfer all or substantially all of Sparrell's assets, including the Properties and Business Assets to entities owned by Brendan for less than adequate and fair consideration.

41. The transfers of Sparrell's assets, including the Properties and Business Assets were made in an effort to devalue Sparrell's stock and Debtor's stock holdings with the intent hinder delay to avoid paying Debtor's debts to the Bank and other creditors.

42. While the transactions involving the transfer of the Properties and Business Assets were documented to create the allusion that there was fair consideration given by the transferee, the Debtor's intent was to gift 100% of Sparrell to Brendan, "… inclusive of any business, property, assets, etc., and all aspects relating to…" for "…no cash exchange or sale price" as expressly stated on their Letter of Intent to Gift Business, a copy of which is attached hereto as <u>Exhibit K</u>.

43. The actions involving the transfer of all of Sparrell's assets, including the Properties and Business Assets was that of the Debtor and/or the Debtor permitted or allowed such transfer or act to occur.

44. The acts consisted of a transfer, removal, destruction, concealment, or mutilation of the Debtor's property.

45. The acts were done with the intent to hinder, delay, or defraud the Bank and creditors.

46. This Honorable Court should deny Debtors' discharge pursuant to 11 U.S.C. §727(a)(2).

## V. PRAYERS FOR RELIEF

47. On or about August 8, 2017, the Chapter 7 Trustee appointed in the Ch. 7 Action filed a Report of No Distribution and upon information and belief has fully administered the estate declining to pursue claims against the Debtor, Sparrell and/or assets.

48. Upon information and good faith belief, Sparrell is the Debtor's alter ego and has fraudulently conveyed its assets to an inside third party.

WHEREFORE, the Plaintiff, The Bank of Canton respectfully prays that this Honorable Court:

    A.    Deny the Debtors discharge pursuant to 11 U.S.C. §§ 727(a)(4), 727 (a)(5) and 727 (a)(2);

    B.    Authorize and/or empower the Plaintiff to pursue derivative claims against Sparrell for its fraudulent conveyances and the recipient(s) of said fraudulent conveyances; and

    C.    Grant such other and further relief as justice may require.

|  |  |
|---|---|
| Dated: February 14, 2018 | Respectfully submitted,<br><br>The Plaintiff,<br><br>The Bank of Canton<br><br>By its Attorneys,<br><br>/s/ Michael A. Wirtz<br>_____<br>Jack J. Mikels, BBO# 345560<br>Michael A. Wirtz, BBO# 636587<br>JACK MIKELS & ASSOCIATES, LLP<br>1 Batterymarch Park, Suite 309<br>Quincy, MA  02169-7454<br>Tel:  617.472.5600<br>Email: Lawoffice@jackmikels.com |

9