# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Robert R. McNamara,<br>    Debtor<br><br>THE BANK OF CANTON<br>    Plaintiff,<br>v.<br><br>ROBERT R. MCNAMARA,<br>    Defendant. | Chapter 7<br>Case No. 17-11329-MSH<br><br>Adversary Proceeding<br>No: 18-1011 |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE DEFENDANT WITH SANCTIONS

Now comes the Plaintiff, The Bank of Canton (the "Plaintiff"), and seeks an Order compelling the Defendant, Robert R. McNamara (the "Defendant") to produce documents responsive to its First Request for Production Nos. 1, 8, 9, 10, 11, 12, 15, 17, 18, 19 and 22. Additionally, Plaintiff seeks reimbursement of its legal fees from the Defendant as sanctions for necessitating this motion.   As grounds therefore, the Plaintiff states the following:

1.    Plaintiff commenced this adversary proceeding on or about February 14, 2018, seeking to deny the Defendant's discharge under 11 U.S.C. § 727(a)(4) and (a)(2) upon allegations that he knowingly filed false and fraudulent bankruptcy schedules and statement of financial affairs and failed to satisfactorily explain the loss of assets in the underlying Chapter 7.

2.    On or about July 6, 2018, Plaintiff served its First Request for Production of Documents to the Defendant, a copy of which is attached hereto as Exhibit A (the "Document

Request.")

3. Four months later, the Defendant served his Response to the Document Request, a copy of which is attached hereto as Exhibit B (the "Response.")

4. Defendant's Response is deficient and incomplete because it references certain labeled documents which the Defendant has not produced and also states that the "Defendant has not *yet* located" other documents which he has not produced.

5. More specifically, Defendant's written Response to Requests Nos. 1 and 18 states that documents labeled as corresponding Response Nos. 1 and 18 were attached but no such attachments have been produced to the Plaintiff. *See* Exhibit B Nos. 1 and 18.[1]

6. Defendant's written Response to Requests Nos. 8, 9, 10, 11, 12, 15, 17,19 and 22 all state that "[t]he Defendant has not yet located documents that would be responsive to this request but will supplement his response when those documents are located." *See* Exhibit B. Defendant has had five months to search for and produce the responsive documents. All of the records requested pertain to the financial affairs of the Defendant and/or his company. Presumably, the responses are intentionally crafted to give the appearance that the Defendant did not fail to maintain adequate financial records so as to avoid an added objection to discharge under 11 U.S.C. § 727(a)(3) or summary judgment for the objection under 11 U.S.C. § 727(a)(5).

7. The Defendant's failure to voluntarily produce Requested documents Nos. 1, 8, 9, 10, 11, 12, 15, 17, 18, 19 and 22 warrants an Order to compel under Rule 37(a)(1) of the Federal Rules of Civil Procedure applicable pursuant to Fed. R. Bankr. P. 7037.

---

[1] The missing documents are relevant to the Defendant's financial affairs and the Plaintiff's claims. Request No. 1 seeks all documents that supports the Defendant's contention that as of the date of his Chapter 7 petition, his interest in Sparrell Funeral Services, Inc. ("Sparrell") was $0.00. Plaintiff's Request No. 18 seeks contracts, agreements and/or loan documents concerning Defendant's indebtedness to Worker Credit Union as of April 13, 2017.

8. Rule 37(a)(1) which permits a party to "move for an order compelling disclosure or discovery" requires "…a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery, in an effort to obtain it without court action." MLBR 7037-1(b) includes a similar requirement. As exemplified by certification filed herewith, Plaintiff's counsel made several unsuccessful attempts to confer with Defendant's counsel on the missing discovery by way of e-mails on November 7 and 9 and December 5 and 18, and at least one telephone request.

9. In light of the Defendant's conduct (or lack thereof), of failing to produce the Requested documents or otherwise respond to multiple requests to confer, which has necessitated this motion to compel, Plaintiff seeks an award of sanctions in the amount of $580.00 to be paid by the Defendant pursuant to MLBR 7037-1(b) for costs associated with this motion. Plaintiff submits an affidavit of counsel regarding reasonableness of said requested fees.

WHEREFORE, for all of the foregoing reasons, Plaintiff requests that this motion be GRANTED and that the Defendant be Ordered to:

(A) Produce all documents responsive to Requests Nos. 1, 8, 9, 10, 11, 12, 15, 17, 18, 19 and 22 within five days; and

(B) Pay Plaintiff $580.00 forthwith as sanctions under MLBR 7037-1(b).

And for other such relief as this Honorable Court deems justified under the circumstances.

Dated: December 18, 2018

The Plaintiff,
The Bank of Canton

By its Attorneys,

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO# 345560

        Michael A. Wirtz, BBO# 636587
        JACK MIKELS & ASSOCIATES, LLP
        1 Batterymarch Park, Suite 309
        Quincy, MA  02169-7454
        Tel:  617.472.5600
        Email: Lawoffice@jackmikels.com

**CERTIFICATION PURUSANT TO MLBR 7037-1(b) AND FED. RULE CIV.P. 37(a)(1) APPLICABLE PURSUANT TO FED. RULE BANK. P. 7037**

    I, Michael A. Wirtz, hereby certify that prior to filing the foregoing motion to compel, I sent written requests to Joseph G. Butler, counsel for the Defendant, seeking to confer about the missing responses to requests for production of documents in good faith.  I sent e-mails to Attorney Butler concerning the dispute on November 7 and 9 and December 5 and 18, 2018 and also called counsel on December 18, 2018 prior to drafting the foregoing motion.  Despite my good faith efforts and requests no conference took place as Attorney Butler did not respond.

    Signed under the pains and penalties of perjury.

        /s/ Michael A. Wirtz
        _____
        Michael A. Wirtz

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th  day of December, 2018, I caused a true copy of the PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE DEFENDANT WITH SANCTIONS, and AFFIDAVIT REGARDING ATTORNEY'S FEES to be served upon all parties of record and/or with appearances in the above action, including the following counsel for the Defendant by electronic means:

Joseph G. Butler, Esq.
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
JGB@JGButlerlaw.com

/s/ Michael A. Wirtz
_____
Michael A. Wirtz, BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600
mwirtz@jackmikels.com