**UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: <br><br> Robert R. McNamara, <br> Debtor | Chapter 7 <br> Case No. 17-11329-MSH |
| THE BANK OF CANTON <br> Plaintiff, <br> v. <br><br> ROBERT R. MCNAMARA, <br> Defendant. | Adversary Proceeding <br> No: 18-1022 |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR EVIDENCE OF SPARRELL FUNERAL SERVICES, INC.'S FINANCIAL LIABILITIES BEYOND THE OBLIGATIONS SPECIFIED IN DEFENDANT'S AFFIDAVIT OF AUGUST 9, 2019**

***\*\*\* Request for Expedited Determination \*\*\****

Now comes the Plaintiff, The Bank of Canton (the "Plaintiff") and moves, *in limine,* to preclude evidence concerning Sparell Funeral Services, Inc.'s ("Sparrell") alleged liabilities beyond those liabilities identified by the Defendant, Robert R. McNamara's (the "Defendant") own Affidavit of August 9, 2019 (the "Affidavit.")[1]  In his Affidavit, the Defendant states that on the date that he filed bankruptcy, Sparrell was obligated to (i) Eastern Bank on a line of credit in the amount of $45,436.07, (ii) Harbor One Bank in the amount of $4,167.12 and (iii) Live Oak Bank in the amount of $1,230,000.  *See* Affidavit at ¶45.  According to Defendant's Affidavit (*at ¶ 45*), these obligations formed the basis for his belief that Sparrell had no value, thus his response to Question 19 of Schedule A/B that the value of his 100% ownership interest in Sparrell was $0.00.  This response was false.

---

[1] The Affidavit was filed in this action in opposition to Summary Judgment as Docket No. 84, a copy is attached hereto as Exhibit A.

Due to health issues, Defendant is unavailable to appear for and testify at the upcoming trial. When Plaintiff attempted to explore the issue of Sparrell's liabilities in a pre-trial deposition, the Defendant was unable to provide a substantive explanation as to the alleged $0.00 valuation as of his Ch. 7 filing date, April 13, 2017. *See* portions of deposition Exhibit B (at p. 133, l. 3, p. 135, l. 24.) The deposition had been conducted as a joint deposition of the Defendant, individually and as Sparrell's designee under Rule 30(b)(6). The designated topics of the Fed. R. Civ. 30(b)(6) deposition Subpoena included matters concerning Sparrell's financial books and accounts inclusive of its financial transactions, obligations, liabilities and assets. *See* Subpoena Exhibit C (Designations A-Q).[2] Plaintiff's attempt to obtain another witness via a designation was successfully opposed by the Defendant on the grounds that he was the only person available for designation as such a witness.[3] *See* Docket Nos. 51 (motion), 67 (audio of hearing) and 68 Order: (*05/30/2019 Denied. I find that granting the motion would be futile as Robert R. McNamara is the only person available for designation by Sparrell Funeral Services, Inc and he has already been designated and testified.*) Plaintiff seeks to utilize the Affidavit statement to establish that Sparrells liabilities were limited to those three obligations at the time Defendant filed Ch. 7.

Pursuant to Federal Rules of Evidence Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:

---

[2] The designation (Exhibit C) also included topics concerning the Defendants' response to production of documents supporting his contention that as of April 13, 2017, the value of his interest in Sparrells was $0.00. *See* Exhibit D.

[3] Defendant's counsel argued that the Defendant had "cognitive issues" yet the Defendant was never diagnosed as having dementia. Defendant's son, Brendan McNamara, was believed to be the person with the most knowledge and familiarity with Sparrell's daily financial affairs who could testify as to company finances. However, Brendan refused to consent to appear as at the Sparrell's Rule 30(b)(6) designee for the deposition.

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Trial courts have wide discretion in deciding to exclude relevant evidence on grounds of prejudice, confusion, or waste of time. The issue of Sparrell's liabilities as of the date of the Defendant's bankruptcy filing is established by his Affidavit. No further or inconsistent evidence on the issue should be permitted. Doing so under the circumstances here would be unfairly prejudicial to the Plaintiff.

Expedited determination of the motion is requested because trial is scheduled to commence in seven days on February 18, 2020.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court <u>GRANT</u> this motion and Order that:

A. Defendant be barred from submitting evidence relating to the alleged financial liabilities of Sparrell's as of April 13, 2017 that is beyond the limited obligations specified in the Affidavit; and

B. Such further relief as is deemed just and necessary.

Dated: February 11, 2020

The Plaintiff,
The Bank of Canton

By its Attorneys,

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel:  617.472.5600
Email: Lawoffice@jackmikels.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2020, I caused a true copy of the foregoing motion to be served upon all parties of record and/or with appearances in the above action, including the following counsel for the Defendant by electronic means:

    Joseph G. Butler, Esq.
    Law Office of Joseph G. Butler
    355 Providence Highway
    Westwood, MA 02090
    JGB@JGButlerlaw.com

    /s/ Michael A. Wirtz

    Michael A. Wirtz, BBO# 636587
    JACK MIKELS & ASSOCIATES, LLP
    1 Batterymarch Park, Suite 309
    Quincy, MA 02169-7454
    Tel: 617.472.5600
    mwirtz@jackmikels.com